IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **CHADWICK DEWAYNE SMITH,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:22-cv-00097-O-BP |
| § | |
| **WICHITA COUNTY** § | |
| **COURT AT LAW NO. 2,** § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Chadwick Dewayne Smith ("Plaintiff") has filed a civil case. ECF No. 1. The undersigned was preliminarily assigned pursuant to the provisions of Special Order No. 3. ECF No. 5. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Chadwick Dewayne Smith is the Plaintiff. In the complaint, Plaintiff lists as defendant Wichita County Court at Law No. 2. ECF No. 1.

C.   LEGAL ANALYSIS

When Plaintiff filed this suit, he failed to pay the applicable filing and administrative fees or file a motion to proceed in forma pauperis. Thus, the Court issued an Order and Notice of Deficiency directing Plaintiff to either complete and file a long-form in-forma-pauperis application

or pay the applicable filing and administrative fees of $402. ECF No. 8. That Order directed Plaintiff to comply on or before October 14, 2022. *Id*. at 2. It also provided that **"[f]ailure to timely submit the applicable fees or a fully completed application to proceed in forma pauperis by that deadline could result in a recommendation that this case be dismissed without further notice."** *Id.* (citing Fed. R. Civ. P. 41(b)). Plaintiff has not responded. Because Plaintiff has wholly failed to file the fully completed in-forma-pauperis application or pay the applicable filing and administrative fees, he has failed to comply with this Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has failed to comply with this Court's deficiency order, this case may be dismissed for failure to comply with a court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that all of Plaintiff's claims be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's

proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on October 19, 2022.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE